FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 3 - 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

YAN WON LIAO and JIN WEN HUANG

                Plaintiffs,

         - against -

ERIC HOLDER, JR., United States Attorney
General, et al.,

                Defendants.

**MEMORANDUM**
**DECISION AND ORDER**

09 Civ. 3776 (BMC)

------------------------------------------------------------X
JIAN FENG ZHAO and BING XIONG ZHAO,
             Plaintiffs,
       -against-

ERIC HOLDER, JR., United States Attorney
General, et al.,

                Defendants.

09 Civ. 3703 (BMC)

------------------------------------------------------------X

CHAO HUANG and SHU LING KAN,

                Plaintiffs,

       -against-

ERIC HOLDER, JR., United States Attorney
General, et al.,

                Defendants.

09 Civ. 3675 (BMC)

------------------------------------------------------------X

```
----------------------------------------X
QIGUANG HE and GUANGMING HE,             :
                                         :
                        Plaintiffs,      :    08 Civ. 2697 (BMC)
          -against-                      :
                                         :
PAUL NOVAK, Director, Vermont Service    :
Center, U.S. Citizenship and Immigration :
Services, et al.,                        :
                                         :
                        Defendants.      :
                                         :
----------------------------------------X
                                         :
XING JIN MEI and WAN TING LIANG,         :
                                         :    09 Civ. 3518 (BMC)
                        Plaintiffs,      :
                                         :
          -against-                      :
                                         :
ERIC HOLDER, JR., United States Attorney :
General, et al.,                         :
                                         :
                        Defendants.      :
----------------------------------------X
```

**COGAN**, District Judge.

Plaintiffs are lawful permanent residents of the United States and their alien adult children. The parents petitioned the United States Citizenship and Immigration Services ("USCIS") for visas for those children. Both the parents and adult children challenge the priority date that defendants assigned to the visa petitions. This Court, without objection, consolidated the above captioned cases as the facts of each case are identical in all material respects; they pose the same legal issue; and the same counsel represents each plaintiff.

Shortly after defendants filed a motion to dismiss in the lead case,[1] the United States District Court for the Central District of California decided Costelo v. Chertoff, 08-cv-688-JVS (SHX) (C.D. Cal. Nov. 10, 2009) [hereinafter Costelo Decision], which involved a class action raising the same legal issue as plaintiffs raise here, and in which a judgment on the merits was entered in favor of the defendants. In the present action, defendants contend that because Costelo was a class action and the class encompassed the parents here, *res judicata* bars relitigation of these claims. For the reasons discussed below, this Court finds that the parents' claims are barred by *res judicata* and the children's claims also fail on that basis and for lack of standing. The Court therefore grants defendants' motion to dismiss.

## BACKGROUND

### I. Consolidated Cases

The relevant facts of all five consolidated cases are essentially the same. The parents are former Chinese citizens who immigrated to the United States based on the citizenship of their siblings who were already United States citizens. The parents obtained visas after their siblings filed Form I-130 Petitions for Alien Relatives, requesting a visa on their behalf. Since the parents were siblings of a United States citizen, they were placed in the family fourth-preference category and were assigned a priority date based on the day the Form I-130 was filed. See 8 C.F.R. § 204.1(c) (filing date of a petition shall constitute the priority date). The parents were the primary beneficiaries under those petitions, and any of their children who were under the age of 21 were derivative beneficiaries; that is, the children under the age of 21 were given the same status and visa priority as their parents. See 8 U.S.C. § 1153(d).

---

[1] The lead case is Liao v. Holder, 09-cv-03776 (BMC) (E.D.N.Y. Sept. 1, 2009).

The parents eventually obtained visas. By that time, however, their children were over the age of 21 and considered adults. As a result, they no longer qualified as "children" who could derive beneficiary status under their parents' petitions, and they lost their eligibility to immigrate to the United States. The parents subsequently became permanent residents and immigrated to the United States without them.

Once the parents became lawful residents, they filed Form I-130 Petitions for Alien Relatives, in which they requested visas for their adult children. The parents specifically requested that the USCIS "carry over" the same priority date that they and their then-minor children had received when the parents' siblings had filed the original visa petitions. The USCIS approved the petitions and placed the adult children in the family second-preference category, as an unmarried child 21 or older of an alien lawfully admitted for permanent residence. However, the petitions were assigned a priority date based on when the parents filed the forms on behalf of their adult children – not the priority date the parents had received when their siblings filed for visas on their behalf years earlier.[2] If the USCIS had granted the adult children the earlier priority date, they would be able to obtain visas immediately, which is the relief that plaintiffs seek here.

Plaintiffs contend that the USCIS failed to apply the appropriate priority date to the adult children's visa petitions. The Child Status Protection Act of 2002 ("CSPA"), Pub. L. No. 107-208, 116 Stat. 927, which was enacted to protect beneficiaries from "aging out"[3] due to administrative delays, contains a provision that converts an aged-out alien's petition to the

---

[2] For example, in Liao v. Holder, the mother's petition that was filed in 1996 was assigned a priority date of June 27, 1996 – the date the I-130 form was filed by her brother. When the mother filed a petition on behalf of her daughter in 2007, she requested a priority date of June 27, 1996. However, the daughter's petition was given a priority date of December 27, 2007 – the day her mother filed the I-130 form.

[3] "Aging out" occurs when a child turns 21 and no longer qualifies as a "child" who is entitled to his parent's status.

appropriate category and enables them to retain the original priority date that was issued for the original petition.[4] Plaintiffs argue that this automatic conversion and priority date retention provision should be applied broadly to cover all derivative beneficiaries of any visa petition classification. They maintain that the USCIS should have applied this provision to the adult children's petitions, as derivative beneficiaries of a fourth-preference visa petition, and assigned the same priority date as the earlier petitions issued to their parents. Defendants contend, in contrast, that this provision is limited in scope and does not apply in these cases because the adult children's petitions cannot be converted to a new category and only petitions filed by the same petitioner can retain an earlier priority date.

## II.     Costelo v. Chertoff

On July 16, 2009, the district court in Costelo v. Chertoff, 258 F.R.D. 600 (C.D. Cal. 2009) [hereinafter Costelo Class Action], granted the plaintiffs' motion for class action certification under Rule 23(b)(2). Id. at 610. The class certified consisted of:

> Aliens who became lawful permanent residents as primary beneficiaries of third- and fourth-preference visa petitions listing their children as derivative beneficiaries, and who subsequently filed second-preference petitions on behalf of their aged-out unmarried sons and daughters, for whom defendants have not granted automatic conversion or the retention of priority dates pursuant to INA § 203(h)(3).

Id. The court limited the class to the parents, as primary beneficiaries, because it was clear that they had standing. Id. at 609. The court noted that it was "less clear ... whether the children of such aliens have standing as derivative beneficiaries." Id.

---

[4] The provision of the CSPA at issue is § 203(h)(3) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1153(h)(3), which provides: "If the age of an alien is determined ... to be 21 years of age or older ... the alien's petition shall automatically be converted to the appropriate category and the alien shall retain the original priority date issued upon receipt of the original petition."

In considering the "commonality" requirement for class certification, the court indicated that the

> underlying common question of law is whether the automatic conversion and date retention provisions of § 203(h)(3) apply to aliens who age out of eligibility for an immigrant visa as the derivative beneficiary of a third- or fourth-preference visa petition, and on whose behalf a second-preference petition is later filed by a different petitioner.

Id. at 608. Moreover, the court ruled that certification under Rule 23(b)(2) was proper because "the question of whether [d]efendants have or have not failed to act is uniformly applicable to the class ... and [p]laintiffs seek injunctive and declaratory relief as well as costs and fees, but do not seek compensatory damages." Id. at 610.

The parties in Costelo subsequently filed cross-motions for summary judgment on the issue of whether "a provision of the [CSPA], § 203(h)(3) of the [INA], codified at 8 U.S.C. § 1153(h)(3), allows 'aged-out' derivative beneficiaries of third- or fourth-preference visa petitions to automatically convert their derivative petitions to second-preference visa petitions, thereby retaining their original priority date." Costelo Decision, at 2. That is precisely the issue here.

The Board of Immigration Appeal's ("BIA") had previously interpreted the language of INA § 203(h)(3) in *In re* Wang, 25 I. & N. Dec. 28 (B.I.A. June 16, 2009) (Interim Decision). In Wang, the BIA held that "[t]he automatic conversion and priority date retention provisions of the [CPSA] do not apply to an alien who ages out of eligibility for an immigrant visa as the derivative beneficiary of a fourth-preference visa petition, and on whose behalf a second-preference petition is later filed by a different petitioner." Id. at 28. Specifically, the BIA determined that: (1) the beneficiary's petition could not be converted to another category because "no category exists for the niece [or nephew] of a United States citizen;" and (2) the beneficiary could not retain the priority date from the earlier petition because it was not filed by the same petitioner. Id. at 38-39. Therefore, the sole issue for the district court in Costelo to

decide on summary judgment, was whether it should give deference to the BIA's decision in Wang.

On November 10, 2009, the district court issued an Order denying plaintiffs' motion and granting defendants' motion for summary judgment. Costelo Decision, at 4. In its decision, the district court noted that it previously decided this exact issue in Zhang v. Napolitano, --- F. Supp. 2d ---, 2009 WL 3347345, at *1 (C.D. Cal. Oct. 9, 2009), where it gave *Chevron* deference to the BIA's decision in Wang. Costelo Decision, at 2. In Zhang, the district court found that § 203(h)(3) was ambiguous because the language of the statute did "not expressly state which petitions qualif[ied] for automatic conversion and retention of priority dates." Zhang, 2009 WL 3347345, at *5 (citing Wang, 25 I. & N. Dec. at 33); see also Costelo Decision, at 4. It then determined that the BIA's interpretation was reasonable because the "regulatory and statutory context, as well as the legislative record, supported a narrower interpretation of § 203(h)(3)." Zhang, 2009 WL 3347345, at *6 (citing Wang, 25 I. & N. Dec. at 34-39); see also Costelo Decision, at 4. Based on the reasons set forth in Zhang, the district court in Costelo accorded *Chevron* deference to the BIA's interpretation of § 203(h)(3). Costelo Decision, at 4.

## DISCUSSION

### I. <u>Standing</u>

As a preliminary matter, defendants contend that the adult children lack statutory standing to bring these actions. "Whether a claimant has standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'" In re Gucci, 126 F.3d 380, 387-88 (2d Cir. 1997) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197 (1975)), cert. denied, 520 U.S. 1196, 117 S. Ct. 1552 (1997). "In resolving the question of jurisdiction, [this Court] can refer to evidence outside the pleadings and the plaintiff asserting

subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Luckett v. Bure, 290 F.3d 493, 496-97 (2d Cir. 2002).

Both the parents and their adult children have brought these actions to seek judicial review of administrative decisions regarding their petitions for immigrant visas. Specifically, they are challenging the language of INA § 203(h)(3) and 8 U.S.C. § 1153(h)(3). In their complaints, plaintiffs' asserted that this Court's jurisdiction is proper under federal question jurisdiction, 28 U.S.C. § 1331, and the Administrative Procedures Act, 5 U.S.C. § 701 et seq.[5]

In looking to the language of the statute that plaintiffs are challenging, § 1153 provides that "the second-preference category applies only to the children and unmarried sons and daughters of 'permanent resident aliens.'" Costelo Class Action, at 609 (citing 8 U.S.C. § 1153(a)(2)). Therefore, it is the parents, as "permanent resident aliens," who have standing to assert this entitlement under the statute.[6] See Costelo Class Action, at 609. Moreover, the regulations plainly provide that "the person or entity with legal standing in a proceeding ... does not include the beneficiary of a visa petition." 8 C.F.R. § 103.3(a)(iii)(B); see also Blacher v. Ridge, 436 F. Supp. 2d 602, 606 n.3 (S.D.N.Y. 2006) (noting that in the context of immigration appeals "the affected party is the entity with legal standing in a proceeding and does not include the beneficiary of a visa petition"); Ibraimi v. Chertoff, 07-cv-3644, 2008 WL 3821678, *3 (D.N.J. Aug. 12, 2008) (holding that alien plaintiff lacked standing to challenge the denial of his

---

[5] Plaintiffs also asserted jurisdiction under 28 U.S.C. §§ 1361 and 2201.

[6] Restricting standing to only the petitioners is consistent with the overall petition process. For example, throughout the administrative process, it is the petitioner who plays the critical role and bears the responsibility of satisfying USCIS's requirements for obtaining a visa. See 8 C.F.R. § 103.2(b)(6) (petitioner has unilateral right to withdraw the petition); 8 C.F.R. § 103.2(b)(8)(iii) (petitioner bears burden of responding to USCIS if they issue a Notice of Intent to Deny, and if petitioner fails to do so the petition will be denied). Moreover, "[a]n initial approval of a visa 'petition does not alone give the beneficiary of the petition an immediate right to an immigrant visa.'... Rather, the petition is approved merely because there appears 'prima facie evidence of qualification for issuance of the visa.'" Joseph v. Landon, 679 F.2d 113, 115-116 (C.A. Ill. 1982) (citing De Figueroa v. Immigration and Naturalization Service, 501 F.2d 191, 193 (7th Cir. 1974)).

visa petition because he was only the beneficiary under the petition that was filed by his employer); Morris v. Gonzales, 06-cv-4383, 2007 WL 2740438, *6 (E.D.Pa. Sept. 19, 2007) (finding that petitioner was the only party with standing to seek review of a visa revocation).[7]

In these cases, only the parents, as petitioners, have statutory standing to challenge the decisions of the USCIS. As the plaintiffs have failed to establish that the adult children have standing to bring these actions on their own, this Court finds that the only proper plaintiffs to these actions are the parents.

## II. Standard of Review

Defendants move under Rule 12(b)(6) to dismiss these cases on the grounds that plaintiffs' actions are barred by *res judicata*.[8] "Even though *res judicata* is an affirmative defense, it can be upheld on a Rule 12(b)(6) motion if it is clear from the face of the complaint that the plaintiff[s'] claims are barred" as a matter of law. Angell v. U.S. Army Corps of Engineers, 149 F. App'x 34, 36 (2d Cir. 2005) (citing Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992)); Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86-87 (2d Cir. 2000). This Court "accepts all well-pleaded allegations in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Management LLC, 07-cv-5125, 2010 WL 520896, *3 (2d Cir. Feb. 16, 2010). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

---

[7] Some courts have also found that a beneficiary lacks constitutional standing to challenge a petition. See, e.g., Blacher, 436 F. Supp. 2d at 606 n.3; Ibraimi, 2008 WL 3821678, at *3. These courts reasoned that beneficiaries cannot claim an invasion of their legally protected interests sufficient to establish that they suffered an injury in fact because, as aliens, they lack any constitutionally protected right to enter the United Sates as a nonimmigrant. Id.

[8] Defendants also moved to dismiss these actions on the merits, however, this Court does not need to reach the merits as plaintiffs' claims are barred by *res judicata*.

544, 555, 127 S. Ct. 1955 (2007); accord Ashcroft v. Iqbal, ---U.S. ----, 129 S. Ct. 1937, 1949-50 (2009)).

Courts are normally limited to considering the facts alleged in the complaint, documents appended to the complaint or incorporated in the complaint by reference, and matters of which judicial notice may be taken. Blue Tree Hotels Inv. (Canada) Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004); Chambers v. Time Warner, Inc., 282 F.3d 147, 152-54 (2d Cir. 2002). However, a court "may also look to public records, including complaints filed in [federal] court, in deciding a motion to dismiss." Blue Tree, 369 F.3d at 217; Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 75 (2d Cir. 1998). As defendants' motion is predicated on proceedings in the United States District Court for the Central District of California, this Court takes judicial notice of public documents filed in connection with Costelo v. Chertoff, "not for the truth of the matters asserted ... but rather to establish the fact of such litigation and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991).

### III. Res Judicata

"The doctrine of *res judicata*, or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284 (2d Cir. 2000) (citing Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411 (1980)). Thus, *res judicata* "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." Esquire Trade & Finance, Inc. v. CBQ, Inc., 562 F.3d 516, 520 (2d Cir. 2009) (quoting EDP Med. Computer Sys., Inc. v. United States, 480 F.3d 621, 624 (2d Cir. 2007)). The party asserting *res judicata* bears the burden of proving these elements.

Monahan, 214 F.3d at 285. "The preclusive effect of a federal-court judgment is determined by federal common law." Taylor v. Sturgell, --- U.S. ---, 128 S. Ct. 2161, 2171 (2008).

In this case, defendants maintain that the Costelo Decision precludes plaintiffs from relitigating the same issue in these actions. This Court finds, and plaintiffs concede, that their cases raise the exact same legal issue as in Costelo, and that accordingly, elements one, two, and four are satisfied.[9] Plaintiffs, however, dispute element three on the basis that they were not a party to Costelo.

Specifically, plaintiffs contend that their actions should not be barred because they did not receive notice, nor were they given an opportunity to opt-out of the class action. In the alternative, plaintiffs argue that even if the parents were part of the class in Costelo, the children are not, and therefore *res judicata* should not apply to the extent that they, rather than their parents, raise the claims. As discussed below, plaintiffs' arguments are without merit.

A. Nonparty Preclusion

As a general rule, "a litigant is not bound by a judgment to which she was not a party" because a nonparty "generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit." Taylor, 128 S. Ct. at 2171, 2175. However, in Taylor, the Supreme Court categorized six recognized exceptions to the rule against nonparty preclusion: (1) "a person who agrees to be bound by the determination of issues in an action between others [will

---

[9] Summary judgment dismissal is considered a decision on the merits for *res judicata* purposes. Weston Funding Corp. v. Lafayette Towers, Inc., 550 F.2d 710, 714-15 (2d Cir. 1977). Plaintiffs' motion papers acknowledge this, but claim that *res judicata* should not be applied because the Costelo Decision is being appealed. Plaintiffs do not cite any support for their position and, in fact, the law is to the contrary. See Huron Holding Corp. v. Lincoln Mine Operating Co., 312 U.S. 183, 189, 61 S. Ct. 513 (1941) (stating that in "federal courts the general rule has long been recognized that while [an] appeal... stays execution of the judgment, it does not - until and unless reversed - detract from its decisiveness and finality").

be] bound in accordance with the terms of his agreement;" (2) there is a "pre-existing substantive legal relationship[] between the person to be bound and a party to the judgment;" (3) a party was "adequately represented by someone with the same interests who was a party to the suit;" (4) a party "assumed control over the litigation in which that judgment was rendered;" (5) a party who is bound by a judgment attempts to "avoid its preclusive force by relitigating through a proxy;" and (6) a "special statutory scheme may expressly foreclose successive litigation by nonlitigants ... if the scheme is otherwise consistent with due process." Id. at 2172-73 (internal citations and quotations omitted).

Plaintiffs in these cases can be classified as a category three exception, which includes "properly conducted class actions ... and suits brought by trustees, guardians, and other fiduciaries." Id. (internal citations omitted). Under category three,

> [a] party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) the interests of the nonparty and her representative are aligned, and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty.

Id. at 2176 (internal citations omitted). "[A]dequate representation sometimes requires (3) notice of the original suit to the persons alleged to have been represented, [which] [i]n the class-action context, these limitations are implemented by the procedural safeguards contained in Federal Rule of Civil Procedure 23."[10] Id. (internal citations omitted).

In the present case, the elements for nonparty preclusion under a category three exception are satisfied, thus plaintiffs' actions are barred by *res judicata*.

---

[10] For example, notice may be required in class actions seeking monetary relief. Richards v. Jefferson County, Ala., 517 U.S. 793, 801, 116 S. Ct. 1761 (1996).

B. Plaintiffs' Claims are barred by Res Judicata

Plaintiffs readily acknowledge in their own motion papers that the language defining the class in Costelo "does encompass [p]laintiffs." (Pls.' Opp'n to Defs.' Mot. Dismiss at 7; Pls.' Resp. Order Show Cause at 2.) They also concede that the class action sought to remedy the same legal issue they have raised in the actions before this Court. Despite this, plaintiffs contend that they are not bound by the class action because they were not given notice and an opportunity to opt-out. Plaintiffs' argument fails because they were never required to receive such notice.[11]

The district court certified the class action in Costelo pursuant to Rule 23(b)(2), which is "intended for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury." Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 162 (2d Cir. 2001); Costelo Class Action, at 610. Due to the nature of the relief being sought, class members in Rule 23(b)(2) actions are not generally afforded notice and an opportunity to opt out. Fed. R. Civ. P. 23(b)(2); McReynolds v. Richards-Cantave, 588 F.3d 790, 800 (2d Cir. 2009). This is because "there is a presumption of cohesion and unity between absent class members and the class representatives such that adequate representation will generally safeguard absent class members' interests and thereby satisfy the strictures of due process." Robinson, 267 F.2d at 165; see also Van Gemert v. Boeing Co., 590 F.2d 433, 439 n.14 (2d Cir. 1978) (noting that this requirement reflects "that individual choice should be subordinated to the interests of the class as a whole to avoid inconsistent judgments or prejudice to absent class members").

---

[11] Although plaintiffs were not required to receive notice, the record before this Court suggests that they had knowledge of, and possibly received notice of, the class action through their attorney. First, plaintiffs acknowledged the Costelo class action in papers they submitted to this Court. (Pls.' Opp'n to Defs.' Mot. Dismiss at 7.) Second, plaintiffs' counsel has been actively involved in other cases addressing the issue adjudicated in Costelo. See, e.g., Wang, 25 I. & N. Dec. 28 (counsel represented respondent); Patel v. Poulos, 08-cv-2235 (DAK) (N.D. Ohio filed Sept. 22, 2008) (counsel represented plaintiffs and addressed for that court whether proceedings should be stayed pending the disposition in Costelo).

Therefore, as plaintiffs' interests are the same as the class in Costelo, the parties in Costelo were certified by the district court to represent the interests of the class, and there is no notice or opt-out requirement under Rule 23(b)(2), plaintiffs' actions are properly barred by the Costelo Decision.

C. Adult Children are Barred Because they are in Privity with their Parents

Plaintiffs further claim that, even if the parents are barred from bringing these actions, the adult children are not because they were not included in the Costelo class action. Plaintiffs' statement is factually accurate; the district court did exclude the children of the primary beneficiaries from the class. Costelo Class Action, at 609. However, the district court declined to certify a broad class because the plaintiffs in that case failed to clearly establish that the adult children had statutory standing to challenge the petitions. Id. Nonetheless, even assuming the adult children had standing to bring these actions, they would still be barred by the Costelo Decision because they are privies to their parents, and their parents are bound by the class action.

"It is well settled in this circuit that literal privity is not a requirement for *res judicata* to apply." Monahan, 214 F.3d at 285. "Instead, a party will be bound by the previous judgment if his 'interests were adequately represented by another vested with the authority of representation.'" Id. (quoting Alpert's Newspaper Delivery, Inc. v. The New York Times Co., 876 F.2d 266, 270 (2d Cir. 1989)). As a result, courts have found privity to exist in relationships such as: trustee and beneficiary; buyer and seller; fiduciary; agent; and cases where the parties

represent the interests of the same person, such as in familial relationships.[12] Taylor, 128 S. Ct. at 2172-73.

In the present case, the adult children and their parents have identical interests and the parents are the only party with the capacity to represent those interests. All of the plaintiffs are challenging the priority date the USCIS assigned to the adult children's visa petitions, in order for the children to immigrate sooner to the United States. Plaintiffs' complaints make clear that the purpose of bringing these actions is the same for both parents and children – to have the adult children become United States citizens so that their families can be reunited in this country. In fact, since the parents are already permanent residents, their *only* interest in pursuing these actions is to represent the interests of their alien adult children. As the statute and regulations limit who can challenge a petition, the only way for the adult children's interests to be adjudicated is through an action brought by their parents. See 8 C.F.R. § 103.3(a)(iii)(B). Therefore, as the interests of the parents and adult children are aligned, and the parents are the only parties with authority to represent the interests of their children, this Court finds that the adult children are privies to their parents, and thus are barred by the Costelo Decision.

---

[12] See, e.g., Stone v. Williams, 970 F.2d 1043, 1058-61 (2d Cir. 1992) (binding decedent's son to a prior ruling concerning legacies), cert. denied, 508 U.S. 906, 113 S. Ct. 2331; Eubanks v. FDIC, 977 F.2d 166, 170 (5th Cir. 1992) (holding wife bound by outcome of bankrupt husband's prior action); Terrell v. DeConna, 877 F.2d 1267, 1270-73 (5th Cir. 1989) (holding that a wife bringing a loss-of-consortium claim cannot relitigate issues that had been decided in her husband's personal injury suit); see also Richards, 517 U.S. at 798 (noting that a judgment that is binding on a guardian or trustee may also bind the ward or the beneficiaries of a trust); Sea-Land Servs., Inc. v. Gaudet, 414 U.S. 573, 592-93, 94 S. Ct. 806 (1974) (noting that a decedent's dependents can be precluded from re-litigating issues decided in a prior suit brought by the decedent during his lifetime); Monahan, 214 F.3d at 285-86 (holding that union members are bound by a judgment in a previous action brought by the union president in his capacity as president); United States v. Int'l Bhd. of Teamsters, 931 F.2d 177, 185-86 (2d Cir. 1991) (holding that union subordinate entities are bound by the terms of a consent decree entered by the union); Amalgamated Sugar Co. v. NL Industries, Inc., 825 F.2d 634, 640 (2d Cir. 1987) (holding that a shareholder suit regarding a corporate matter is precluded by judgment entered against a corporation in an action managed by its board of directors); Expert Elec., Inc. v. Levine, 554 F.2d 1227, 1234 (2d Cir. 1977) (holding that contractors are estopped from re-litigating issues decided in a proceeding against their agent, a professional association created to represent contractors in labor negotiations).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED as to all plaintiffs. The Clerk is directed to enter judgment in favor of defendants.

**SO ORDERED.**

/s/(BMC)
U.S.D.J.

Dated: Brooklyn, New York
March 2, 2010